**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH L. J., ) | NO. ED CV 19-2022-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ANDREW SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on October 22, 2019, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on November 25, 2019. Plaintiff filed a motion for summary judgment on March 4, 2020. Defendant filed a motion for summary judgment on March 27, 2020. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed October 28, 2019.

///
///

**BACKGROUND**

Plaintiff asserted disability based on a host of alleged impairments (Administrative Record ("A.R.") 44-69, 98, 188). An Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 17-183, 188-818). The ALJ found some of Plaintiff's alleged physical impairments to be severe, but also found that Plaintiff retains the residual functional capacity to work (A.R. 22-33). The Appeals Council denied review (A.R. 1-3).

In determining that Plaintiff can work, the ALJ found Plaintiff's testimony regarding her subjective physical symptomatology to be less than fully credible (A.R. 26-31). The parties' motions dispute the validity of the ALJ's credibility finding.[1]

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

---

[1] The motions do not appear specifically to dispute whether substantial evidence otherwise supports the ALJ's determination that Plaintiff can work. In any event, after reviewing the entire record, the Court finds that substantial evidence does support the ALJ's determination that Plaintiff can work.

499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted). The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

**DISCUSSION**

Plaintiff testified to excruciating, profoundly incapacitating physical symptoms (A.R. 47-67). According to Plaintiff, she experiences: "severe pain throughout [her] body"; swelling in her feet, ankles and knees "so bad" she feels like she is "going to burst"; sharp pains in the bottoms of her feet; numbness in her toes,

1    legs and hands; headaches; and intense pains in her stomach, knees and
2    back.  Id.  Plaintiff claimed that her symptoms force her to be almost
3    entirely inactive (A.R. 63-64).  She says that she spends 22 hours a
4    day either lying down with her feet propped up or sitting down with
5    her feet propped up.  Id.  According to Plaintiff, she needs to "pop"
6    her knee into place just to be able to walk, and then she still needs
7    a cane, a wheeled chair or a walker to ambulate, even short distances
8    in and around her own home (A.R. 56, 65).  She further testified that,
9    whenever she moves, her back "literally pops . . . in and out of
10   place" (A.R. 65).

12   Where an ALJ finds that a claimant's medically determinable
13   impairments reasonably could be expected to cause some degree of the
14   alleged symptoms of which the claimant subjectively complains,[2] any
15   discounting of the claimant's complaints must be supported by
16   specific, cogent findings.  See Berry v. Astrue, 622 F.3d 1228, 1234
17   (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995);
18   but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996)
19   (indicating that ALJ must offer "specific, clear and convincing"
20   reasons to reject a claimant's testimony where there is no evidence of
21   ///
22   ///
23   ///
24   ///
25   ///

---

[2]   The ALJ recited such a finding, as the ALJ had determined that Plaintiff has severe diabetes and degenerative orthopedic problems (A.R. 22, 28).

4

"malingering").[3]  An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).[4]  As discussed below, the ALJ stated sufficient reasons for finding Plaintiff's subjective allegations to be less than fully credible.

The ALJ determined that the objective medical evidence supported a residual capacity inconsistent with Plaintiff's claimed inability to function (A.R. 28-31).  As the ALJ observed, the medical examinations and testing reflected in the Administrative Record yielded mostly mild

---

[3] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[4] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR.  See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

or moderate findings (A.R. 28-30, 383-85, 399-401, 406-408, 721,742, 795, 797, 800). An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Carmickle v. Commissioner, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . .").

The ALJ also mentioned the relatively conservative treatment Plaintiff has received for her various alleged impairments (A.R. 27-28). The relatively conservative nature of a claimant's treatment properly may factor into the evaluation of the claimant's subjective complaints. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001).

The ALJ also mentioned evidence in the record that Plaintiff refused further treatment (specifically knee surgery and injections to relieve pain) (A.R 28, 638, 669). The only explanation given for such

refusal was Plaintiff's supposed fear of needles.  Id.  Unexplained or inadequately explained refusal of recommended treatment can cast doubt on a claimant's credibility.  See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) ("We have long held that, in assessing a claimant's credibility the ALJ may properly rely on unexplained or inadequately explained failure . . . to follow a prescribed course of treatment") (citations and quotations omitted); accord, Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Coelho v. Astrue, 2011 WL 3501734, at *5 (N.D. Cal. Aug. 10, 2011), aff'd, 525 Fed. App'x 637 (9th Cir. 2013) (claimant's inadequately explained declination of recommended surgical treatment may, under some circumstances, undermine the claimant's subjective complaints of allegedly disabling pain).

Plaintiff argues that the ALJ erred by relying on evidence that Plaintiff had refused recommended treatment, citing Trevizo v. Berryhill, 871 F.3d 664 (9th Cir. 2017) ("Trevizo").  In Trevizo, the claimant had declined to take oxycodone, explaining both that she was afraid of becoming addicted to oxycodone and that the drug she was taking (hydroxyzine) "kept her pain under control."  Id. at 679-80.  The Trevizo Court held that, in view of this explanation (which the ALJ never addressed), the ALJ had erred by finding the claimant not credible for having failed to take the oxycodone.  Id.

The Trevizo decision is materially distinguishable from the present case.  The claimant in Trevizo might well have rationally refused the potentially addicting oxycodone when a less dangerous drug was already adequately controlling her pain.  By contrast, in the

7

present case, the only proffered explanation for Plaintiff's refusal of treatment appears to be irrational. It would appear irrational to refuse to exchange the momentary discomfort of a safe injection for the alleviation of otherwise severe, unrelenting pain. As numerous courts have held, an ALJ properly may infer that such a refusal betrays the fact that the pain is not as severe as claimed, and the ALJ may draw this inference regardless of any asserted fear of needles. See, e.g., Moss v. Astrue, 2011 WL 13284756, at *6 (D. New Mex. Oct. 25, 2011); Galford v. Astrue, 2010 WL 5441634, at *20 (N.D. W.Va. Dec. 8, 2010); Nissen v. Astrue, 2008 WL 2397680, at *1 (N.D. Iowa June 9, 2008); Colgrove v. Astrue, 2008 WL 974838, at *5 (E.D. Tenn. Apr. 9, 2008). Furthermore, the Trevizo Court appeared to fault the ALJ for failing to inquire into the bona fides of the claimant's proffered explanation for refusing to take the oxycodone. In the present case, the ALJ attempted to inquire further into Plaintiff's explanation for refusing surgery and pain injections (A.R.57). However, Plaintiff frustrated this inquiry by flatly denying that any surgery or pain injections had ever been recommended for her. Id.[5]

As an additional reason for finding Plaintiff's testimony less than fully credible, the ALJ cited evidence that Plaintiff had engaged in physical activity inconsistent with the invalid-like existence she had claimed for herself (A.R. 27). For example, Plaintiff reported to a third party examiner that Plaintiff had walked "long distances" during a field trip with one of her children (A.R. 621).

---

[5] Contrary to Plaintiff's testimony, counsel for Plaintiff appears now to concede that surgery and pain injections were recommended for Plaintiff (Plaintiff's Motion at 7-8).

Inconsistencies between claimed incapacity and actual activities properly can impugn a claimant's credibility. See, e.g., Molina v. Astrue, 674 F.3d at 1112 ("the ALJ may consider inconsistencies in the claimant's testimony or between the testimony and the claimant's conduct"); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009) (claimant's admitted activities did not suggest that claimant could work, but did suggest that claimant was exaggerating the severity of claimant's limitations); Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) (activities inconsistent with alleged symptoms relevant to credibility determination); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's testimony and claimant's actions supported rejection of claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistency between claimant's testimony and claimant's actions cited as a clear and convincing reason for rejecting claimant's testimony).

It may be that not all of the ALJ's stated reasons for discounting Plaintiff's subjective symptomatology are legally valid. However, notwithstanding the invalidity of one or more of an ALJ's stated reasons, a court may uphold an ALJ's credibility determination where sufficient valid reasons have been stated. See Carmickle v. Commissioner, 533 F.3d at 1162-63. In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's

credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[6]

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 29, 2020.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court should not and does not determine the credibility of Plaintiff's testimony concerning her subjective symptomatology. Absent legal error, it is for the Administration, and not this Court, to do so. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).